# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**TIERRE MOORE**                                                                                           **PLAINTIFF**
Reg. #16431-028

V.                                     NO. 2:22-cv-00067-KGB-ERE

**BRUCE**, *et al*.                                                                                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation for the dismissal of Mr. Moore's claims has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.    Discussion:**

On April 25, 2022, Plaintiff Tierre Moore, a federal inmate incarcerated at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), filed this civil rights lawsuit *pro se*. *Doc. 1*. Because Mr. Moore alleged that federal actors, rather

than state actors, violated his constitutional rights, he properly brought his constitutional claims under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983.[1] The Court previously allowed Mr. Moore to bring his deliberate indifference claim against the unknown nurse employed by FCI-FC in this lawsuit, but severed Mr. Moore's remaining claims based on events that occurred in Oklahoma.[2] *Doc. 2*.

With his initial filing, Mr. Moore failed to provide a completed application for leave to proceed *in forma pauperis* (IFP), including a jail account information sheet signed by an authorized official; nor did he pay a filing fee. Accordingly, on April 26, 2022, the Court directed the Clerk of Court to send Mr. Moore an IFP application and ordered him to either: (1) return a completed IFP application, along with a jail account information sheet; or (2) pay the $402.00 filing fee. *Doc. 3*. The Court's Order specifically warned Mr. Moore that his failure to comply within 30 days would likely result in the dismissal of this lawsuit. *Id*.

---

[1] In *Bivens*, the Supreme Court authorized an implicit cause of action for prisoners to bring certain civil rights lawsuits for damages against federal officials. "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

[2] In his complaint, Mr. Moore alleged that, on February 15, 2022, he was involved in a bus accident while being transported from a federal detainee transit center in Oklahoma. Mr. Moore explains that he believes that the driver of the bus struck a deer, bringing the bus to a halt. He sued: (1) Bruce, an employee of the Federal Transit Center in Oklahoma; (2) an unknown federal agent employed by the Federal Transit Center in Oklahoma; and (3) an unknown nurse employed by FCI-FC.

To date, Mr. Moore has not addressed the filing-fee requirement, and the time to do so has passed.

### III.  Conclusion:

The Court recommends that Mr. Moore's claims be DISMISSED, without prejudice, based on his failure to: (1) comply with the Court's April 26, 2022 Order; (2) submit a completed IFP form or pay the filing fee; and (3) prosecute this lawsuit.

Dated this 27th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE