## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

TIERRE MOORE                                                    PLAINTIFF
Reg. #16431-028

V.                          NO. 2:22-cv-00067-KGB-ERE

BRUCE, *et al*.                                                DEFENDANTS

## ORDER

I.    **Overview**:

On April 25, 2022, p*ro se* plaintiff Tierre Moore, a federal inmate, filed this civil rights lawsuit under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] *Doc. 1, 6*. Mr. Moore alleges that, while he was incarcerated at the Federal Correctional Institution in Forrest City, Arkansas ("FCI"), he received inadequate medical care for injuries that he sustained during transport from Oklahoma.

Mr. Moore initially failed to file a complete in forma pauperis (IFP)

---

[1] Because Mr. Moore alleged that a federal actor, rather than a state actor, violated his constitutional rights, he properly brought his constitutional claims under *Bivens v. Six Unknown Agents*, supra. In *Bivens*, the Supreme Court authorized an implicit cause of action for prisoners to bring certain civil rights lawsuits for damages against federal officials. Recently, the Supreme Court has suggested that a federal plaintiff may only bring a *Bivens* action for claims arising under the Fourth, Fifth, and Eighth Amendments. *Ziglar v. Abbasi*, 582 U.S. 120 (2017). See *Bivens*, 403 U.S. at 397 (Fourth Amendment unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment gender discrimination); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment deliberate indifference to medical needs).

application or pay the statutory filing fee. As a result, on April 26, 2022, I ordered

Mr. Moore to either file a complete IFP application *or* pay the statutory filing fee

within 30 days. *Doc. 3*. Mr. Moore failed to timely comply with the Court's April

26, 2022 Order.

On May 27, 2022, I recommended that Mr. Moore's complaint be dismissed.

*Doc. 4*. Later that same day, Mr. Moore filed a complete IFP application and an

addendum to his complaint. *Docs. 5 & 6*. Therefore, I will now withdraw my May

27, 2022 Recommendation (*Doc. 4*).

This Order also grants Mr. Moore's pending motion for leave to proceed IFP,

identifies deficiencies in Mr. Moore's complaint, with addendum, and gives Mr.

Moore the opportunity to file an amended complaint.

## II.   In Forma Pauperis Application:

A review of the documents submitted by Mr. Moore demonstrates that he

qualifies to proceed IFP. Therefore, his motion to proceed IFP (*Doc. 5*) is

GRANTED.

Based on Mr. Moore's prison trust account information, the Court will assess

an initial partial payment of $4.93. His custodians are instructed to immediately

collect the initial partial payment. In addition, his custodians are instructed to collect

the balance of the $350.00 filing fee by deducting monthly payments equal to 20%

of the preceding month's income credited to Mr. Moore's prison trust account each

time the amount exceeds $10.00. The entire $350.00 filing fee must be paid, even if the lawsuit is dismissed before trial. Mr. Moore's custodian should clearly identify the monthly payments by the name and number of this case.[2]

**2.    Deficiencies in Complaint:**

As explained below, in its current form, Mr. Moore's complaint fails to state a plausible constitutional claim that would survive screening. However, rather than screen the complaint and recommend dismissal, the Court will postpone the screening process[3] to give Mr. Moore the opportunity to file an amended complaint clarifying his constitutional claims and correcting the deficiencies in his current complaint.

Mr. Moore's original complaint alleges that the head nurse at FCI failed to provide him medical treatment for injuries he sustained to his neck and lower back during transport from Oklahoma.[4] Mr. Moore later filed an addendum to his

---

[2] *Tierre Moore v. Bruce, et al.,* E.D. Ark. No. 2:22-cv-00067-KGB-ERE.

[3] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[4] Mr. Moore's originally also sued Bruce, an employee of the Federal Transit Center in Oklahoma and an unknown federal agent employed by the Federal Transit Center in Oklahoma.

3

complaint identifying the head nurse as RN Mrs. Langley.[5] *Doc. 6*. Mr. Moore sues Defendant Langley in both her individual and official capacity seeking only injunctive relief.[6]

However, the facts contained in Mr. Moore's complaint are insufficient to state a plausible medical deliberate indifference claim against Defendant Langley.

To state a plausible medical deliberate indifference claim, Mr. Moore must allege facts which, accepted as true, are sufficient to support a reasonable inference that: (1) he had "objectively serious medical needs"; and (2) Defendant Langley "actually knew of but deliberately disregarded those needs." *Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016). A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018). Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than

---

The Court previously severed those claims to allow Mr. Moore to file a lawsuit based on those claims in the proper federal district court in Oklahoma. *Doc. 2*.

[5] **The Clerk is instructed to update the docket sheet to identify one of the Doe Defendant as RN Langley.**

[6] In his request for relief, Mr. Moore states, "I feel that I have a right to be examined by medical for the above complaints . . .." *Doc. 1 at 4*.

gross negligence," to make out a constitutional violation. *Hamner,* 937 F.3d at 1177; see *Roberts v. Kopel,* 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness").

When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) (no Eighth Amendment violation if a prisoner is not actually harmed by the failure to receive medical care).

Mr. Moore's current complaint alleges that RN Langley failed to see him for injuries he incurred on a bus during his transport to the BOP's Forrest City facility. The facts alleged are insufficient to state a plausible claim that Defendant Langley violated his right to constitutionally adequate medical care.

## III.   Guidelines for Filing Amended Complaint:

Mr. Moore has thirty days to file an amended complaint. If Mr. Moore files an amended complaint, he should specifically: (1) explain how Defendant Langley was aware of his need for medication or medical treatment; (2) explain what Defendant Langley did to deny him medical care and how many times she did it; and (3) state the injury he suffered as a result of Defendant Langley's unconstitutional conduct.

Mr. Moore's amended complaint, if filed, will supersede or replace the current

complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Moore should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit.

Finally, in his amended complaint, Mr. Moore need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

## IV.   <u>Conclusion</u>:

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1.      The Court withdraws its May 27, 2022 Recommendation (*Doc. 4*).

2.      Mr. Moore's motion for leave to proceed IFP (*Doc. 5*) is GRANTED.

2.      The Clerk of the Court is directed to send a copy of this Order to Forrest City Low, Federal Correctional Institution, Post Office Box 9000, Forrest City, Arkansas 72336.

3.      Mr. Moore may file an amended complaint within thirty (30) days of the entry of this Order.

4.      If Mr. Moore fails to file an amended complaint, the Court will screen the original complaint, along with the addendum, which is likely to result in the dismissal of this case.

5.      The Clerk is instructed to provide Mr. Moore a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

So Ordered 17 November 2023.


_____
UNITED STATES MAGISTRATE JUDGE